## SMITH *et al.* v. SMITH.

1. Evidence showing merely that a paper purporting to be a deed was signed by the alleged maker thereof, with no proof of delivery, is not sufficient to authorize the introduction of secondary evidence of the contents of the instrument.

2. A widow's right to a year's support out of the estate of her deceased husband is not lost because for some time previous to his death they lived in a state of separation.

3. A request to charge which negatived the right of a father to appropriate to himself the earnings of his minor children, who had not been manumitted by him, was properly refused.

4. When there is no motion for a new trial, an erroneous or inapt charge to the jury which did not necessarily control their verdict against the plaintiff in error will not be treated by this court as affording cause for reversing the judgment of the court below.

5. Mere inaccuracy of description in one or more particulars with respect to land mentioned in a return made by commissioners appointed to set apart a year's support will not vitiate such return, if, from other descriptive terms therein employed, the identity of the premises actually intended to be set apart can with reasonable certainty be ascertained.

Argued November 10,—Decided November 29, 1900.

Equitable petition. Before Judge Butt. Muscogee superior court. November term, 1899.

*Blandford & Grimes,* for plaintiffs in error.
*Hatcher & Carson* and *J. H. Martin,* contra.

LUMPKIN, P. J. 1. When this case was here at the October term, 1898, we ruled that: "To justify the admission of secondary evidence as to the contents of a lost deed, it must be shown not only that such a deed once existed, but also that it was properly executed." See 106 *Ga.* 303. At the trial now under review, the defendants undertook to meet this requirement by introducing a witness who testified he had seen the instrument the execution of which they sought to prove, and that he "was present when it was

signed." He did not, however, undertake to go further and state that it was signed by the alleged grantors in the presence of the persons whose names were signed to the instrument as attesting witnesses, or that there had ever been any delivery thereof. Indeed, the testimony of this witness was not materially different on the last trial from his testimony on a previous hearing, which is reported on page 305 of the volume above cited, and which we held was insufficient to show that the instrument relied on had been "properly executed" as a deed. It follows, of course, that the trial judge did not err in excluding testimony as to the contents of this document, or in ruling out all evidence with reference thereto and instructing the jury not to consider the same.

2. Complaint is made that the court erred in charging the jury as follows: "The fact that this widow (the plaintiff) may not have been living with him (her husband) for some time previous to his death would make no difference if she had not been divorced or he had not been divorced from her; she would be entitled to all the rights of a wife." This instruction was in perfect accord with the decision of this court in *Farris* v. *Battle*, 80 *Ga.* 187, which is controlling upon the question now raised.

3. The court was requested to charge that "if the jury should believe from the evidence that the defendants, the children of William Smith deceased, furnished the money to their father to buy the land" in controversy, "and he bought the land, whether he took a deed to himself or not, or whether he took a deed to his children, the same being lost, then, if his children went into possession of said land, a resulting trust occurred and the possession of the children executed the trust and the title was in the children, which would entitle them to recover the land." At least two reasons may be given why this request should have been, as it was, refused. In the first place, all testimony relating to the deed which the defendants sought to show had been executed by the persons from whom their father purchased the land had been properly ruled out, and therefore the request to charge would not have been warranted by the evidence. Secondly, this request was not adjusted to the facts of the case; for it appeared that at the time the land was bought at least two of the defendants were minors, and that the money they contended they had furnished their father was a portion of their earnings. This being so, and there being no proof that

either of these minors had been manumitted or had a separate estate, it would not follow, simply because they turned over their money to their father with a view to his purchasing the land for them, that a resulting trust would arise so far as they were concerned.

4. In charging upon this branch of the case, the court instructed the jury that if the defendants " were minors at the time they worked and made the money, the money belonged to their father, [and] although he may have taken that money while they were in their minority and purchased the property," the title thereto "would nevertheless vest in their father." This charge is excepted to on the ground that there was no evidence to support it, in so far as it related to the minority of the defendants. It is true the charge was not nicely adjusted to the precise facts of the case, for the evidence showed conclusively that one of the defendants had arrived at his majority several years prior to the purchase of the land. At the same time it can not be seriously contended that this instruction constrained the jury to find in favor of the plaintiff. It is in this connection to be noted that no motion for a new trial was filed in the court below, but that the defendants by a direct bill of exceptions complain of rulings made during the progress of the trial. While the act of December 20, 1898, expressly authorizes such a practice, it in terms provides that such rulings only as necessarily controlled the verdict or judgment rendered can in this manner be properly brought under review in this court. See Acts of 1898, p. 92, and *Taylor* v. *Reese,* 108 *Ga.* 379.

5. The plaintiff below, in support of her claim that the premises in dispute had been set apart to her as a year's support, introduced in evidence the return of the commissioners, "which showed that they had laid off and assigned to plaintiff as a twelve months support lot number seven (7) in the city annex, being the place on which William Smith lived at the time of his death, said lot being 38 feet on 3rd avenue and running back east 200 feet." There was evidence tending to show that the commissioners must have intended to set apart lot number 6 instead of lot number 7, as the former answered to the further description set forth in their return of the premises, whereas lot number 7 did not. Nevertheless the court was asked to charge the jury to the effect that, under the return of the commissioners, the plaintiff could not successfully assert any claim to lot number 6. We unhesitatingly hold that this re-

quest was properly refused. It was the province of the jury to say whether, save as to the number designated, the description given by the commissioners of "the place on which William Smith lived at the time of his death" really applied to lot number 6, the premises in dispute. Obviously, the mere fact that the premises which the commissioners had in mind may have been incorrectly described by them as being "lot number seven" could not have the effect of rendering their return wholly inoperative, if other descriptive words employed by them indicated a purpose to set apart the particular lot in controversy.

<em>Judgment affirmed. All the Justices concurring.</em>