WHATLEY *v.* WATTERS.

1. A judgment setting apart a year's support is not void because the appraisers' return was not filed within thirty days of their appointment.
2. As against creditors whose debts are not secured by the loan deed, a judgment of year's support, assigning the widow and minor children of a decedent a specifically described tract of land, subject to a loan deed for a stated amount, is not void on the ground that the title to the land was not in the decedent.

AUGUST 18, 1911.

Certiorari. Before Judge Pendleton. Fulton superior court. November 14, 1910.

*Lowndes Calhoun,* for plaintiff in error.

*Evins & Spence,* contra.

EVANS, P. J. Mrs. Cynthia L. Watters, widow of John C. Watters, in behalf of herself and her minor children applied to the court of ordinary of Fulton county to have a twelve month's support set apart out of the estate of her deceased husband, reciting in her application that there was no administration on his estate. On January 1, 1907, the ordinary passed an order appointing five appraisers to assign a year's support to the applicant and her minor children, and directing them to make a return of their actings and doings within thirty days. The appraisers made their return on November 25, 1907, wherein they set apart to the applicant and her minor children a specifically described tract of land containing fifty acres, more or less, and reciting that "on said property there is now a loan deed for about $650." This return was filed in the

ordinary's office on December 2, 1907. On December 11, 1907, the ordinary passed an order directing that citation be issued and published according to law. At the January term, 1908, the ordinary passed an order reciting that the return of the appraisers had been duly filed in his office, and that citation had been duly issued and published as required by law, and that, no objection being made thereto, the return of the appraisers was approved and ordered to be recorded. On May 24, 1910, Mrs. G. W. Whatley filed her petition to the ordinary, representing that she was a creditor of John C. Watters, and praying that the judgment allowing his widow and minor children a twelve months' support out of his estate be declared void, for the reasons that the appraisers did not file their return within thirty days, as directed by the statute; and further, that a twelve months' support can not be set apart in land encumbered by a loan deed; these alleged defects being apparent on the face of the record. On demurrer the ordinary struck the petition to set aside the judgment granting a twelve months' support, as being insufficient in law. Whereupon Mrs. Whatley sued out a writ of certiorari to the superior court, and on the hearing of the case the certiorari was overruled and the judgment of the ordinary affirmed. To this judgment Mrs. Whatley excepts.

1. No fraud or collusion is alleged, and the plaintiff in error grounds her case solely upon the contention that the judgment allowing the twelve months' support is void in law, for the reasons assigned in her petition to vacate it. A judgment approving the return of appraisers setting aside a twelve months' support, where all the proceedings are regular, is binding upon the creditors of the decedent. *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299). The statute prescribes that the appraisers appointed to assign a year's support to the widow and minor children out of the decedent's estate shall make a return to the ordinary within thirty days of their appointment. Civil Code (1910), § 4043. This provision as to the time within which the appraisers may make their return is directory; and if they should fail to make their return within the statutory period, the ordinary could compel them to act, or appoint new appraisers. The widow's right to a year's support is not affected by the appraisers' dereliction of duty for which she is not responsible. After the ordinary receives a belated return and cites interested parties, by publication as prescribed by

the statute, to show cause why the return should not be approved and made the judgment of the court, and such return is duly approved, it is too late for a creditor to object that the return was not made within thirty days of the appointment of the appraisers. *Goss* v. *Greenaway*, 70 *Ga.* 130. In the case just cited the widow filed her application for a year's support four years after the death of her husband, during which time she lived upon the land and made use of her deceased husband's personalty; and the court held that though these facts might furnish ground to defeat her application before the ordinary, yet, where the year's support had been formally set aside, it was too late to attack it.

2. The statute declares that the appraisers shall assign a year's support "either in property or money" from the estate of the decedent. Civil Code (1910), § 4041. A year's support may be set apart in a bond for title. *Winn* v. *Lunsford*, 130 *Ga.* 436 (61 S. E. 9). The appraisers set apart the land, subject to a loan deed. It does not appear who was the creditor secured by the loan deed; the plaintiff in error was not that creditor. The year's-support judgment took effect upon all the interest which the decedent had in the property after the satisfaction of the loan deed. That interest was an equitable estate; but an equitable estate is property, and a widow is not to be denied a year's support solely because her late husband's estate was equitable in character. Let it be borne in mind, however, that we are not holding that a widow's right to a year's support in land is superior to the claim of her husband's creditor who holds the title to the land. There is no antagonism between the year's support and the creditor who is secured by the loan deed. If the decedent's equity is property subject to be applied to the payment of the unsecured debts of the decedent, certainly it is property which may be assigned to his widow and minor children as a year's support.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*