## AIKEN *v.* DAVIDSON.

ATKINSON, J. 1. "Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the

duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate." Civil Code, § 4041.

(a) The year's support when allowed is to be preferred before all other debts against the estate, including burial expenses and expenses of the last illness. Civil Code, §§ 4000, 4041.

(b) Where appraisers have made their return setting apart specified property for the widow, and a caveat is filed by a creditor, the solvency or insolvency of the estate may properly be taken into consideration. *Mulherin* v. *Kennedy*, 120 *Ga.* 1080 (48 S. E. 437).

(c) The fact that at the time of the death of the decedent his wife had for a number of years been living in a state of separation from him would not bar her as a widow from claiming the benefit of the statute allowing a year's support. *Smith* v. *Smith*, 112 *Ga.* 351 (2), 352 (37 S. E. 407).

2. Applying the rulings announced in the preceding notes, there was no error in refusing to sustain the motion to strike certain grounds of a caveat to the return of the appraisers.

3. Some of the grounds of the motion for a new trial were not approved by the trial judge; others were too indefinite to present any question for decision. None of the remaining grounds show error requiring the grant of a new trial.

4. The verdict finding for the applicant a sum less than that set apart by the appraisers was authorized by the evidence. The refusal to grant a new trial was not erroneous.

> *Judgment affirmed. All the Justices concur.*
> DECEMBER 13, 1916.

Appeal. Before Judge Park. Jasper superior court. December 15, 1915.

*W. S. Florence* and *E. H. George,* for plaintiff.

*A. S. Thurman* and *Greene F. Johnson,* for defendant.