## CASEY *v.* CASEY *et al.*

1. The motion to dismiss the writ of error is denied.

2. The question as to whether the court erred in instructing the jury that the will did not call for an election on the part of the widow between a year's support and taking under the provisions of the will being for decision by a full bench of six Justices, who are equally divided in opinion, Fish, C. J., and Atkinson and George, JJ., being of the opinion that the court did err, and Beck, P. J., and Hill and Gilbert, JJ., being of the contrary opinion, it is considered and adjudged that the judgment of the court below as to this question stand affirmed by operation of law.

3. It appearing from the uncontradicted evidence that the residue of the estate was ample to provide for the payment of the year's support, the court did not err in instructing the jury to the effect that the year's support must come out of the general legacies before any of the specific legacies could be applied thereto. *Rust* v. *Billingslea*, 44 *Ga.* 306.

4. The court did not err in instructing the jury that they should not consider the bequests made to the widow by the testator; nor in the charge that the widow was entitled to the household furniture, and that this should not be considered as a part of the year's support. Civil Code (1910), § 4041.

5. One ground of the motion for new trial complains that "the court erred in directing the jury to find against the caveat of the executor, for the reason that this was an invasion of the province of the jury, and that on the contrary the court should have charged the jury that if they should find that the will of W. N. Casey Sr. contained an annuity for the widow, which had been accepted by her, she would not be entitled to a year's support; and further, even though there was no annuity in the will for the widow, yet if they should find that there was a provision in the will, either expressly made in lieu of a year's support, or that the intention of the testator to that effect

was deducible by clear and manifest implication from the will, founded on the fact that the claim of a year's support would be inconsistent with the will and so repugnant to its provisions as necessarily to defeat them, then in that event they should find against the claim of the widow, otherwise in her favor." *Held*, that this is controlled adversely to the plaintiff in error by the ruling in the second headnote.

6. Error is assigned on the following charge to the jury: " You have the right to set aside this sum for a year's support — in setting aside this sum for a year's support, to designate that it shall be paid out of a certain property, or that it shall be paid out of money, with money, or other property, or that it shall be paid part money and part personal property, or that it shall be paid part money and part personal' property and part of realty; that is a matter entirely left to your discretion under the facts and circumstances of the case." *Held*, that this was not error.

7. None of the remaining assignments of error show cause for a reversal, and they are not of such character as to justify discussion.

No. 2019. FEBRUARY 19, 1921.

Appeal. Before Judge Graham. Camden superior court. January 12, 1920.

Mrs. Mary E. Casey, the widow of W. N. Casey, made application for a year's support. The appraisers appointed made a return setting apart two hundred acres of described land and all of the household and kitchen furniture. Caveats were filed by Mrs. Casey, Mrs. Ella Lee Carlton, and Thomas E. Casey, executor of W. N. .Casey. The grounds of the latter caveat were that the will of W. N. Casey, which had been probated in solemn form, without objection, contained a provision which, by necessary implication, was intended to be in lieu of a year's support, and which was so inconsistent with and repugnant to the allowance of a year's support that to allow it would defeat the provisions of the will; that the executor had complied with the provisions of the will, and the widow had elected to take under the will and was thereby barred and estopped from having a year's support set aside. The basis of Mrs. Carlton's caveat was that the land set apart to the widow was specifically devised by the will of W. N. Casey to her, and was not a part of his estate; that the applicant had acquiesed in that disposition of the land in failing to object to the probate of the will; that the land set apart was wild land, yielding no income, and would be a burden and expense to the applicant, and that the residue of the estate was sufficient for the purposes of a year's support. The widow's caveat asserted that the provision made for a year's support was inadequate, and that the appraisers had

not considered the circumstances and standing of the family in setting it apart. By agreement of all the parties the case was appealed to the superior court. The executor demurred to the caveats of Mrs. Carlton and the widow, and objected to the allowance of an amendment to the caveat of the widow. These were overruled, and error is assigned upon exceptions pendente lite taken. Upon the trial in the superior court a certified copy of the will of W. N. Casey was introduced, as follows: " Item third: I give, bequeath, and devise to my beloved sister-in-law, Mrs. Ella Lee Carlton, two hundred acres, more or less, of land in Camden County, granted to me by James M. Smith as Governor of Georgia, on the twelfth day of April, 1873, and bounded in said grant on the north by vacant lands, east by lands of J. B. Mizell, south by the St. Mary's River and west by Smith land. . . Item fifth: It is my will and desire and I hereby direct that in the event my beloved wife shall survive me, then in that event she is to have the free use and enjoyment of the home in which I now live in the city of St. Mary's during her life, and be paid from my estate the sum of forty dollars per month. Item sixth: It is my will and desire and I hereby direct that no part of the property herein bequeathed to Mrs. Ella Lee Carlton shall be delivered or surrendered to her during the life of my wife, Mary E. Casey, but that the said property shall be held by my executor during the life of my said wife, and the income from same shall constitute a portion of my estate until the death of my wife, when the same shall be surrendered by my executor to the said Mrs. Ella Lee Carlton." The jury found against the caveat of the executor, and that the return of the appraisers, so far as the land was concerned, should be set aside, and that in lieu thereof $2210 in cash should be set aside from testator's estate. Motion for a new trial filed by the executor was overruled, and he excepted.

*Cowart & Vocelle, S. C. Townsend,* and *Spencer R. Atkinson,* for plaintiff in error.

*Bennet, Twitty & Reese* and *Emmett McElreath,* contra.

GILBERT, J. Save the sixth, none of the headnotes require elaboration. The twelfth ground of the amended motion for a new trial, which is quoted in the sixth headnote, squarely makes the issue whether, on the trial of the caveat to the return of appraisers setting aside a year's support for a widow, the amount set aside

may be changed or modified, and a judgment rendered to that effect, or whether the sole issue on such a trial is one of allowance or disallowance of the return of the appraisers. It is insisted by the plaintiff in error that on the trial in the superior court, to which the case had been appealed by consent, the court should have restricted the jury to the simple issue of approving or disapproving the return of the appraisers; that in the event of disapproval "the court should have remanded the case to the court of ordinary for the appraisers to properly perform their function under proper instructions from the court," and that the jury had no right to set aside a year's support if the appraisers' return was void. This contention is based upon the well-recognized rule that in trying an appeal the superior court can deal with no question of merits except such as could have been raised in the inferior court, and can render no final judgment except such as the inferior court had jurisdiction to render. *Greer* v. *Burnam,* 69 *Ga.* 734; *Malloy* v. *Malloy,* 134 *Ga.* 432, 438 (68 S. E. 80), and cases cited. In considering the question raised in this ground of the motion we proceed on the theory that the superior court can, on appeal, render only such a judgment as might have been rendered in the court of ordinary. The code of Georgia makes no express provision for such a situation. While not constituting authority affording justification for deciding the question, it may be stated that the practice in the superior courts of this State, so far as we are aware, has been contrary to the contention of the plaintiff in error. We admit that this alone would not be conclusive; for instances of this kind have been completely overturned when the point was properly raised, as in the case of trover suits. *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289). It must be admitted also that to permit the court of ordinary or the superior court to modify or change the return of appraisers setting aside a year's support may bring about complications. This would be especially true where the appraisers set apart a tract of land which for some legal reason could not be set aside, and where the ordinary or the superior court were called upon to substitute another tract or money in lieu of the original tract of land. These complications, similarly to the practices above mentioned, furnish only persuasive reasons for accepting the view of the plaintiff in error as the solution of this question. Again, suppose the jury simply found that

the allowance was excessive or insufficient, remanding the matter to new appraisers, with no further explanation than that the allowance was excessive or insufficient; this might result in another allowance being disallowed for similar reasons. If it be argued that the jury should say how much too large or how much too small, thus fixing the amount, it would seem to be absurd to send it back to appraisers with instructions to fix the allowance at an amount stated. This would result only in loss of time and increase in expense with no corresponding benefit. This court has, however, passed upon the question in two cases. In one of the cases the question cannot be said to have been directly raised except by the assignment of error on the denial of the motion for new trial complaining that the verdict was contrary to law. In that case, *Aiken* v. *Davidson*, 146 *Ga.* 252 (91 S. E. 34), there was, as in the present case, an appeal by consent from the court of ordinary to the superior court. The appraisers had set apart the sum of one thousand dollars for the support of the widow. On the trial in the superior court this amount was reduced to three hundred dollars. A judgment was rendered thereon, modifying the return of the appraisers and making the latter sum, by judgment of the court, the amount to be paid to the widow as year's support. A motion for new trial was made, and among the grounds was that above stated; and this court held: "The verdict finding for the applicant a sum less than that set apart by the appraisers was authorized by the evidence. The refusal to grant a new trial was not erroneous." The judgment was affirmed, all the Justices concurring. While the precise point now under discussion was not mentioned in the above case otherwise than as stated, the question, it would seem, was necessarily involved and decided. Perhaps counsel in that case did not have specifically in mind the question of law now under discussion, but the ground of the motion for a new trial was so broad and comprehensive as to include it. However this may be, the question seems to have been more directly raised in the case of *Winn* v. *Lunsford*, 130 *Ga.* 436 (61 S. E. 9). The second headnote in that case is as follows: "Where objections to the return of appraisers to set apart and assign a twelve months' support to the widow and children of a decedent have been filed and sustained, so as to have the effect of amending the return, the return of the appraisers and the judgment may be recorded, and will

be effective to set apart as a twelve months' support the property or money included in the report as corrected and amended by the judgment." From the statement of facts it appears that the appraisers set aside as a year's support for the widow and children $346, constituting the entire estate, as they apparently believed. The widow, and also the children, filed caveats to the return, setting up the fact that small items of personalty had been overlooked by the appraisers. Pending the trial of this issue the caveators reached an agreement among themselves, and on their application the ordinary passed an order in open court, reciting that the caveators had come to an agreement and their caveats were withdrawn, and amending the return of the commissioners so as to read as per stated agreement of the parties. It was further ordered and adjudged that " the said commissioners' return, as thus amended, be and the same is hereby made the judgment of the court." Thereafter an administrator was appointed upon the estate, and he filed suit in the superior court for the purpose of recovering the property to be applied to the expenses of administration and such lawful claims against the intestate as might be presented, the balance, if any, to be distributed to the heirs at law of the decedent. To this petition of the administrator the widow demurred. The court sustained the demurrer and dismissed the case. The administrator excepted. One of the allegations of the petition of the administrator was that the order of the ordinary setting aside the year's support was void, " because the ordinary had no authority to modify or in any wise change the return of the appraisers.". It was said in the opinion of Mr. Justice Evans, speaking for this court, viz.: " There is no provision, in case the objections are sustained, that the matter be again referred to the same or different appraisers. Where the appraisers file their return with the ordinary, they have discharged their full duty. Their commission becomes functus officio. The statute does not contemplate any further action on their part, or the appointment of new appraisers. It would therefore seem that the legislative intent must have been that in case the objections were sustained, the return should be amended conformably to the judgment sustaining the objections, and, as thus amended, should be recorded by the ordinary. As was observed by the present Chief Justice in *Moore* v. *Moore,* 126 *Ga.* 739 [55 S. E. 950]: ' If, in making their return, the appraisers

have acted upon insufficient or misleading information as to the property owned by the decedent at the time of his death, or as to any other relevant fact upon which their return may in part be predicated, the law provides a remedy for any person whose legal rights may be injuriously affected thereby, by giving to such person the right to caveat the return; and, upon a trial of the issue thus raised before the ordinary, all the relevant facts may be developed by competent and legal evidence introduced for this purpose, and the return, if incorrect and improper, under the facts disclosed, may be corrected.' " Under authority of the two last-named cases we hold that the court did not err in the instructions to the jury of which complaint is made as above stated. Our attention has been called to the procedure in cases where dower has been set aside; and it is argued that by analogy the same rule should apply in the case of year's support. While there is some analogy between dower and year's support, the two are quite dissimilar in some respects. In the case of dower the proportionate share due the widow is fixed by law. The only question to be determined by commissioners is the selection, and for this purpose explicit provision is made in the Civil Code, § 5257. In year's support the amount is not fixed, relatively or otherwise; except that " Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, . . to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate. If there be a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture. The provision set apart for the family shall in no event be less than the sum of one hundred dollars; and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or, if no surviving widow, to the lawful guardian of the child or children, for their benefit." Civil Code, § 4041. In that division of the opinion in *Winn* v. *Lunsford,* supra, which discussed this issue, it was said: " When it was adjudged that articles of such value as would not enlarge the estate above this

sum were omitted from the schedule, the appraisers' return could be corrected so as to include them. When the beneficiaries adjusted their differences by agreeing to a different division from that made by the appraisers, it was of no concern to others whether the ordinary had the right to effectuate such an agreement by amending the return in that respect. The whole estate was theirs, and the particular apportionment affected only the beneficiaries, who are not complaining." We do not think this reference to the adjustment of the differences between the beneficiaries restricts the ruling to a case of that kind. The agreement between them seems to have had reference to the apportionment between the beneficiaries, and does not limit in any way the ruling in regard to the power of the ordinary to correct and amend the return and to make the same the judgment of the court. *Judgment affirmed.*