PARKS *et al. v.* GRESHAM *et al.*

No. 12125.  JANUARY 13, 1938.  REHEARING DENIED FEBRUARY 18, 1938.

*Norman I. Miller,* for plaintiffs.

*Herbert J. Haas, J. Kurt Holland,* and *Sidney Parks,* for defendants.

GRICE, Justice. Were sufficient facts stated in the petition to justify the court in setting aside the judgment for year's support? The position of plaintiffs is that the order of the ordinary allowing the return of the appraisers and ordering it recorded is not a valid and binding judgment. The spearhead of the attack is that no notice of the year's-support proceeding was given to the representative of the estate of the deceased, as required by the statute. Since the application for the appointment of appraisers to set apart the year's support recited that "there is no administration on the estate of said deceased," the proceedings were not void upon their face. The statute, in relation to notice (Code, § 113-1002), reads as follows: "Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if

there is one, and if none, without notice), to appoint five discreet appraisers." The notice here is to be given, if at all, before the appraisers are appointed. If there be no representative, notice is unnecessary. *Goss* v. *Greenaway*, 70 *Ga.* 130, 132; *Winn* v. *Lunsford*, 130 *Ga.* 436, 439 (61 S. E. 9). It is the contention of the plaintiffs' counsel, that, irrespective of the recital to that effect contained in the application for the ·year's support, it nevertheless appears aliunde from his allegations that there was a̅ personal representative of the estate, from the date of the death of the deceased, to wit, March 28, 1935, for that the deceased left a will in which he nominated an executrix. Counsel's argument is this: In *Mackie* v. *Glendenning*, 49 *Ga.* 367, it was said that it is immaterial who makes the application for the twelve-months support, so that the representative of the estate of the deceased has notice; and it was further said by Chief Justice Warner in the opinion that the temporary administrator had notice, and that "he was the only representative the estate had at that time;" and counsel contends that the nominated executrix was from the date of the testator's death the personal representative of the estate, since there regularly was entered a decree of the surrogate in New York on October 4, 1935, admitting the will to probate and directing that letters testamentary issue to the executrix therein named, which letters were actually issued to her on October 8, 1935, and since our Code declares that a will shall take effect instantly upon the death of the testator, however long the probate may be postponed. Code, § 113-105. We can not follow this line of reasoning. There was no personal representative of the estate until after the will was admitted to probate and letters testamentary issued to the nominated executrix.

Counsel make the further point that the applicant for year's support committed a fraud on the court of ordinary by failing to disclose the fact that on May 31, 1935, she received notice that the will had been offered for probate, and therefore the judgment of the ordinary on June 6, 1935, ordering to record the return of the appraisers, is null and void. The date that the widow received notice that an instrument would be probated in New York was within a week from the date of the last order passed by the ordinary in the year's-support matter. The application for year's support was filed on April 17, and on that day the appraisers were

named. Their return was made on May 4, and citation ordered to issue on May 7. The applicant for the year's support is a resident of New York. At the time she represented to the court in her application that there was no administration of the estate of her deceased husband, she stated a fact. She had no notice, even on May 31, that there was a representative. All she was then notified of was that "Susie L. Patterson has applied to have a certain instrument in writing duly proved as the last will of John B. Gresham." She never knew that there was a personal representative at the time. Mere knowledge that reached her on May 31, after the appraisers had made their return, that an instrument claimed to be the will of her deceased husband had been offered for probate in New York, laid no such duty on her to inform the court of that fact as would render her silence. such a fraud as would justify a court of equity in declaring void the year's support.

It is unnecessary to decide whether the words "representative of the estate," as used in the Code, § 113-1002, have reference solely to one who has received letters testamentary or letters of administration from the proper court in this State, and not from a probate court of some foreign jurisdiction. The petition set forth no facts to authorize the relief prayed for, and it was not error to dismiss the action on demurrer.

*Judgment affirmed. All the Justices concur.*