24927. PARKS, by Next Friend, et al. v.
FORT OGLETHORPE STATE BANK et al.

FRANKUM, Justice. Where a husband and father died, leaving a will by which he devised all of his personal property, including stocks, bonds, securities, cash on hand or in the bank, commercial inventory, accounts receivable, automobiles, trucks, livestock, furniture, and insurance benefits, and any and all other personal effects, outright to his wife, and where by other provisions of his will he made provision for the support and maintenance of his two minor children by creating a trust in which he named his wife as trustee and the

children as beneficiaries, and where it did not appear that a year's support had been applied for on behalf of the children such minor children have no standing in a court of equity in a proceeding brought against transferees of personal property to set aside sales and transfers of personal property formerly a part of the decedent's estate made by the widow after she had taken possession of such personal property as her individual property in accordance with the terms of the will of the decedent. *Code Ann.* § 113-1032.

2. Under the provisions of Item 4 of the will of the deceased, as paraphrased above, the personal property, constituting the stock in trade of a plumbing supply company owned by the deceased, passed to his widow immediately upon his death subject to such rights as his minor children may have had to have set apart to them a year's support therefrom. *Rust, Johnston & Co. v. Billingslea,* 44 Ga. 306 (1); *Casey v. Casey,* 151 Ga. 169 (3) (106 SE 119). Where such property was sold by the widow-devisee to a third party, in the absence of a showing of inadequacy of the general funds of the estate to afford a year's support to such children, a court of equity will not set aside such sale at the instance of the children, solely on the contention that the widow-devisee was mentally incompetent to make such sale of such personal property at the time. *Code Ann.* § 113-1032.

3. Upon the same principles, transfers of stock, cash deposits and other items (formerly held in the name of the deceased) by the defendant bank, to the widow-devisee will not be set aside by a court of equity at the instance of the two minor children beneficiaries of the trust estate created by the will, in the absence of a showing that the general estate of the decedent was by such transfers rendered insufficient to afford to such children a year's support upon timely application therefor.

4. It follows that the trial court did not err in sustaining the motions of the defendant bank and of the defendant Onbey, doing business as Parks Plumbing & Supply Company to dismiss the complaint. The trial court apparently acting under the provisions of the Civil Practice Act of 1966 as amended (*Code Ann.* § 81A-112 (b) (6)) upon consideration of the motion considered matters outside the pleadings, and, treating the motion as one for a summary judgment,

properly entered a judgment for the defendant bank and defendant Onbey dismissing the complaint as to them.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1968—DECIDED JANUARY 23, 1969.

*Frank M. Gleason,* for appellants.

*John E. Wiggins, Lindsay H. Bennett, Jr., Hester & Hester,* for appellees.

*Judgment affirmed. All the Justices concur.*