46929.   KNOWLES v. KNOWLES.

SUBMITTED FEBRUARY 7, 1972—DECIDED MARCH 3, 1972.

*Greene & Greene, William B. Greene,* for appellant.

*Jere F. White,* for appellee.

CLARK, Judge. This appeal presents for decision questions as to procedure for handling year's support petitions.

Alonzo H. Knowles, resident in Bartow County, died testate on October 2, 1970. At that time he was married to Lula V. Knowles but they had been separated for one and one-half years prior to his death. Decedent's will dated June 6, 1969, probated in solemn form on October 8, 1970, by his son, Frank A. Knowles, as executor contained no power of private sale and devised his entire estate to his son in fee simple. Apparently under the impression that the bequest of the entire estate vested title in him to a mobile home he made a private sale of this trailer. At date of death decedent had an equity interest in this mobile home subject to title being in Midland Guardian Company of Georgia for the balance of the purchase price which was covered by credit life insurance. The purchase price debt was paid off by the credit life insurer.

On November 4, 1970, the widow applied to the Bartow Ordinary's Court for a year's support. On November 10 the ordinary appointed five individuals as appraisers and on

that same date had three of the appraisers "sworn to perform their duty according to law." On the same date the three appraisers received such information as they desired from the attorney representing the widow concerning the estate and thereupon made their return. This report recited that there was "assessed and set apart as being necessary for the support and maintenance of said widow the sum of approximately $3,750, which the said widow has selected [sic] to take as follows: the mobile home . . ." which was specifically described together with the household furniture located in the mobile home. Although the executor was served by the deputy sheriff on November 10 with a copy of the petition he contends legal error in that he was not given notice of the "hearing" by the appraisers on November 10.

The executor's caveat also averred other grounds of illegality. Among these was that he was devised the entire estate including the mobile home which he had sold prior to action by the appraisers so that title to the mobile home was divested by such sale and therefore it "was not a part of his father's estate at that time and the same was not subject to the year's support proceeding." Another ground was that decedent did not have legal title to the mobile home because of the retention of title by the seller of the mobile home.

At the hearing in the court of ordinary the return of the appraisers was disallowed and the year's support denied. Timely appeal was taken to the superior court.

Following a joint waiver of jury a de novo trial took place before the superior court judge. At the conclusion of the hearing the trial judge entered a finding "that the appraisers did not give the executor sufficient notice prior to assessing and setting apart" the year's support and remanded the case to the court of ordinary for further proceedings. Having expressed some doubt as to such remand being permitted the trial judge contemporaneously entered the necessary certificate that the order should be subject to review and appeal.

■ The trial court erred in remanding the proceedings to the court of ordinary. *Fish v. DuBose,* 121 Ga. 304 (48 SE 915).

The effect of an appeal from the court of ordinary to the superior court as permitted under *Code* § 6-201 places the matter in the superior court for "a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case." *Code* § 6-501. As is stated in *Goodman v. Little,* 213 Ga. 178, 179 (97 SE2d 567) and repeated in the same case in 96 Ga. App. 110, 112 (99 SE2d 517) "the case on appeal from the court of ordinary brings the whole case up for a new hearing" but with the same juridsiction as was possessed by the court of ordinary. Accord, *Ingraham v. Reynolds,* 176 Ga. 772, 773 (168 SE 875); *Griffin v. Securities Inv. Co.,* 181 Ga. 455 (182 SE 594); *Strickland v. Strickland,* 99 Ga. App. 531 (109 SE2d 289).

"Such a case must be tried anew as if no trial had been had. [Citations.] It is not the province of the superior court on such an appeal to review and affirm or review the rulings of the ordinary, but to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial." *Hall v. First Nat. Bank of Atlanta,* 85 Ga. App. 498 (69 SE2d 679).

"The jury trial in the superior court on appeal was a de novo investigation, and the jury could make such allowances for a year's support as the evidence in their judgment warranted." *Calhoun Nat. Bank v. Slagle,* 53 Ga. App. 553, 556 (186 SE 445).

■ The trial court erred in ruling that notice had to be given by the appraisers as to their intention to hold a hearing or intention to act in compliance with the statutory duties imposed upon them in serving as appraisers to set apart the year's support.

Counsel for the executor contends five days notice is required under Rule 6 of the Civil Practice Act codified in

subparagraph (d) of *Code Ann.* § 81A-106. This contention is erroneous, as the word "hearing" as contained in our Civil Practice Act is limited in it context to court hearings on motions.

There is no provision in our law for notice to be given to anyone and no specified statutory rules to the appraisers as to the manner in which they should reach their decision. As is stated in *Holland v. Froklis,* 89 Ga. App. 768 (81 SE2d 317): "No other service is necessary, except that, if any administrator has been appointed, notice of the intention to make such application must be given to such administrator. *Code* § 113-1002." The notice is to be given before the appraisers are appointed. *Code Ann.* § 113-1002; *Parks v. Gresham,* 185 Ga. 470 (195 SE 728).

*Moore v. Moore,* 126 Ga. 735 (55 SE 950) discusses the activities of the appraisers, the court saying at page 739: "Our statute in reference to the setting apart of a year's support does not provide how or from whom the appraisers appointed for this purpose are to ascertain the facts necessary to an intelligent and proper discharge of the duty incumbent upon them. No formal procedure is prescribed by which they are to be guided and governed in making their investigation. . ." The Supreme Court further states on the same page that ". . . If, in making their return, the appraisers have acted upon insufficient or misleading information as to the property owned by the decedent at the time of his death, or as to any other relevant fact upon which their return may in part be predicated, the law provides a remedy for any person whose legal rights may be injuriously affected thereby, by giving to such person the right to caveat the return; and, upon a trial of the issue thus raised before the ordinary, all the relevant facts may be developed by competent and legal evidence introduced for this purpose, and the return, if incorrect and improper, under the facts disclosed, may be corrected."

"The widow's right to a year's support is not affected by the appraisers' dereliction of duty for which she is not responsible." *Whatley v. Watters,* 136 Ga. 701 (71 SE 1103).

■ The appraisers had the legal right to include the mobile home in their report whether it be on the basis of an equity under the purchase money retention of title instrument or because legal title vested in the decedent's estate upon payment of the insurance proceeds under the credit life insurance policy.

As is stated in Jackson's Redfearn Wills & Adminstration in Georgia (3d Ed., 1965), Vol. 2, § 333, p. 293, ". . . a year's support may be set apart out of any assets to which the husband or father had legal title at the time of his death. In addition thereto, property in which the deceased had an equity at the time of his death may be set aside for a year's support." Citations in support of this statement by the author are *Winn v. Lunsford,* 130 Ga. 436 (61 SE 9); *Whatley v. Watters,* 136 Ga. 701, supra; *Addison v. McEntire,* 189 Ga. 279, 281 (5 SE2d 666); *Calhoun Nat. Bank v. Slagle,* 53 Ga. App. 553, 556, supra.

The appraisers therefore could have included the equity which decedent had in the mobile home as of the date of his death. Actually, however, upon payment of the proceeds of the credit life insurance legal title was vested in the decedent because payment of proceeds of credit life insurance inure to the benefit of the insured. *Betts v. Brown,* 219 Ga. 782 (136 SE2d 365); *Pioneer Home Owners Life Ins. Co. v. Hogan,* 110 Ga. App. 887 (140 SE2d 212); *Code Ann.* § 56-3306 (2) (Ga. L. 1960, pp. 289, 746).

■ The attempted sale by the son under the assumption that he had title by the terms of the will was not legally effective because the claim of a widow for a year's support is superior to legacies given by her husband in his will. *Kinard v. Clay,* 138 Ga. 544 (75 SE 636); *Chambliss v. Bolton,* 146 Ga. 734 (92 SE 204). "The right to a year's support is an absolute right which cannot be divested by any contingency occurring after it accrues." *Goss v. Harris,* 117 Ga. 345, 347 (43 SE 734). Property of a decedent may be sold free from a year's support only under the provisions of *Code Ann.* § 113-1035 (Ga. L. 1955, pp. 731, 732) by a sale or conveyance made under court order or under power con-

tained in a will by the representative prior to the setting apart of such year's support.

■ Separation of a legally married couple does not deprive the widow of her right to a year's support out of the husband's estate. *Farris v. Battle,* 80 Ga. 187 (7 SE 262); *Smith v. Smith,* 112 Ga. 351 (37 SE 407); *Aiken v. Davidson,* 146 Ga. 252 (91 SE 34).

■ On the retrial of this case in the superior court the return of the appraisers may be changed or modified as to the amount or property set apart. Jackson's Redfearn, Wills & Administration in Georgia (3d Ed., 1965), Vol. 2, § 330, p. 280, and § 332, p. 289; *Casey v. Casey,* 151 Ga. 169 (106 SE 119).

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*