## DANIEL v. WILSON, receiver.

1. The charter of a loan and building association granted by the superior court at October term, 1866, expired by statutory limitation at the corresponding date in 1886.

2. Where the superior court of the county in which a corporation was located appointed in 1879, before the charter expired, a receiver for all the assets of the corporation, and in another suit, commenced after the charter expired, appointed another receiver in 1887 for all the assets then remaining and ordered the latter receiver to institute such actions as he thought necessary to reduce to possession any property claimed by third persons to which the corporation had title, a defendant in an action of ejectment brought by the second receiver cannot protect himself against a recovery by setting up outstanding title in the first, the first having been appointed *pendente lite*, and no final decree, so far as appears, ever having been made in the cause. It is doubtful whether title to the realty of the corporation would vest in the first receiver by the mere order appointing him, but if it did, he never having asserted it, it was divested by the order appointing the second receiver in so far as to enable that receiver to recover the property and administer it under the direction of the court as provided for by section 1688 of the code. The same court having jurisdiction over both receivers and over the custody by them of any assets brought in by either, would be competent to protect the rights of all parties, including the defendant in ejectment, against any conflicting claims by the receivers.

3. A receiver of an extinct corporation, if he would be estopped at all by the acquiescence and assistance of a stockholder and ex-officer of the corporation in a sale of assets made by a third person after the charter expired, would not be estopped unless it appeared that such acquiescence and assistance were with knowledge that the corporation had some right or title to the assets thus dealt with. Where the assets consisted of a small parcel of woodland embraced in a larger tract, and the larger tract was sold and conveyed by a third person with the assistance as well as acquiescence of the stockholder and ex-officer, he not being aware at the time that the larger tract included the smaller one, there would be no estoppel. Especially would there be none which could be set up and asserted in a mere action of ejectment brought by the receiver against the purchaser, to which action the stockholder and ex-officer was no party.

4. The purchaser of land at an administrator's sale gets no better title than the intestate had. Hence, where the intestate had conveyed absolutely to his creditor, whether in payment of a debt or

only as security therefor, a purchaser from his administrator got no title as against the creditor, except upon condition of redeeming the land if it was taken by the creditor as security only.

5. There was no error in admitting or rejecting evidence, or if any, it was immaterial to the substantial merits of the case. Upon the controlling facts the plaintiff was entitled to recover, and the court was correct in directing the jury accordingly.

November 14, 1892.

Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1892.

Ejectment against Daniel on demises from George W. Knight, and from R. H. Wilson as receiver of the Fulton Loan & Building Association, for six acres of land. Defendant pleaded not guilty, and the following special pleas: (1) On April 25, 1879, the judge presiding in Fulton superior court appointed Thrower as receiver in the cause of Kidd *et al.* against the Fulton Loan & Building Association, which was a bill filed for the purpose of collecting in all of the assets and making distribution thereof to those entitled thereto, and of winding up the affairs of said corporation. Said Thrower, receiver, has never been discharged from his receivership. (2) The conveyance upon which plaintiff relies, although a deed absolute in form, was a mortgage given by George W. Knight to the Fulton Loan & Building Association to secure a debt due to it by Knight, and defendant alleges that after a regular order passed by the ordinary upon proper application made, the realty sued for was sold as the property of Knight by his administratrix at public sale as required by law, and defendant purchased the land at that sale. That sale passed the title to defendant and a deed was made to him by the administratrix as such on February 4, 1887, for the same. (3) The Fulton Loan & Building Association never at any time paid taxes upon the land or claimed to own it. Noah R. Fowler, one of the officers of that association at the time of its dissolution, and one of the beneficiaries of whatever assets may come into the hands of its receiver,

conducted the sale for the administratrix, was active in the matter, wrote the advertisement, wrote and attested the deed, cried the sale and represented the title as good, wrote out the final return for the administratrix and in the same made return of the land sold to this defendant, and wrote other papers about and concerning the same. Defendant relied upon the statements and conduct of Fowler and the association, and if he had known that a claim would be made for the land by the association or its representatives, would not have bid as much for it as he did. (4) The Fulton Loan & Building Association, B. J. Wilson *et al.* filed a bill to the September term, 1887, of Fulton superior court, against this defendant and said administratrix, in which they prayed a money judgment against defendant and the administratrix, treating said deed as a mortgage. Defendant demurred to the bill, and upon demurrer it was dismissed as to him, but a receiver was appointed who was the predecessor of Wilson as receiver. (5) When the administratrix applied for her discharge as such, the Fulton Loan & Building Association, B. J. Wilson *et al.* filed their *caveat* and objected to her discharge, upon the ground that they had a bill pending, to wit the bill above referred to, in Fulton superior court, in which they claim a money judgment against the administratrix. (6) In all things said Loan & Building Association treated and regarded the paper which they now claim to be a deed of conveyance as a mortgage, and defendant says it was a mortgage, and that plaintiff ought not to recover the premises or any part thereof.

The court directed a verdict for plaintiff. Defendant moved for a new trial, which was denied. The substantial contentions of the motion are shown in the decision.

JULIUS L. BROWN, for plaintiff in error.

HILLYER & LEE and CANDLER & THOMSON, *contra.*

BLECKLEY, Chief Justice.

1. By the code, section 1676, par. 2, the duration of any corporation chartered by the superior court is limited to twenty years. The charter involved in this case was so granted in the year 1866, consequently it expired at the corresponding time in the year 1886, and there is no suggestion that it was renewed afterwards.

2. For the reasons suggested in the second head-note, we are of opinion that the receiver appointed after the dissolution of the corporation could recover, notwithstanding the appointment of the first receiver and notwithstanding that appointment had never been formally revoked.

3. The third head-note explains very fully why the receiver should not be, treated in the present action as being estopped by the acts and acquiescence of one of the stockholders of the extinct corporation, who was formerly an officer of that corporation.

4. Both parties claimed under George W. Knight,— the receiver by a warranty deed from Knight, executed in 1869, and duly recorded, conveying the premises to the corporation; the defendant by a deed from Knight's administratrix, executed in 1887, conveying to defendant a larger tract, of which the premises in dispute were shown by evidence to constitute a part. The defendant contended that the deed to the corporation, though absolute in terms, was made to secure a debt which Knight owed to the corporation, and consequently that the sale and conveyance afterwards made by Knight's administratrix, was an administration of the property—the title of the corporation being divested thereby, and passing to the purchaser from the administratrix. We think it manifest that were the fact as contended, the legal consequence claimed to flow therefrom would not follow. The deed to the corporation being absolute, passed the title out of Knight into his grantee, whether the con-

v 91-16

veyance was made only to secure a debt, or in payment
of a debt. No title being left in Knight, there was none
which constituted a part of his estate when he. after-
wards died, and, consequently, none which his legal
representative could have administered. All that she
could possibly have administered was Knight's equity to
redeem, and that was all which a purchaser from her
could acquire. This being so, the latter could protect
his purchase only by paying or tendering payment of
the debt as security for which Knight's deed was exe-
cuted. Until such payment or tender, the purchaser
could not resist an action of ejectment based as this
was on that deed. The cases which rule that an
administrator of a mortgagor, or of a debtor by judg-
ment, may administer fully as against the mortgagee, or
the judgment creditor, are not applicable, because in
such cases there is only a lien outstanding against the
property administered—the title being in the mortgagor
or debtor, whereas in such a case as the present the
title itself, and not a mere lien, is in the creditor. Of
course, if the conveyance by Knight to the corporation
was not made to secure a debt, but in payment, no
interest whatever was left in him or his estate, and, con-
sequently, the sale by his administratrix passed nothing
to the purchaser relatively to the premises now in
dispute.

5. If there was any error in admitting or rejecting
evidence, it was immaterial to the substantial merits of
the controversy. Upon the controlling facts, the plaintiff
was entitled to recover, and the court committed no
error in directing the jury accordingly.

*Judgment affirmed.*