## RAY et al. v. BOYD.

SIMMONS, C. J.—1. One who makes to a creditor for the purpose of securing a debt a deed to land, but retains possession of the land, does not thereby become the "tenant" either of such creditor or his vendee, and is not subject at the instance of the latter to be ejected from the land as a tenant holding over.

2. Where such vendee instituted proceedings for this purpose under section 4077 *et seq.* of the code, an equitable petition to enjoin the same, filed by the maker of the deed, ought not to have been dismissed on demurrer merely because it defectively set forth a tender of payment of the debt which the deed was made to secure, the petition being in other respects meritorious and complete. Under such circumstances, it was not essential to its maintenance that any tender at all should have been alleged. (See *Durden* v. *Clack*, 94 *Ga.* 278.)                            *Judgment reversed.*

July 29, 1895. By two Justices.

Equitable petition. Before Judge REESE. Lincoln superior court. October term, 1894.

To the petition of Mary Ray and Delilah Elliott against William Boyd and the sheriff, Boyd demurred upon the ground that petitioners failed to make a continuing offer to pay the amount of money to him which they admit to be due on the debt which they claim the deed mentioned in the petition was given to secure, and did not tender said amount in court. The demurrer was sustained. The petitioners allege, that they are cotenants in the ownership of 125 acres of land on which they live; that about 1888 they gave to George Hogan a deed to the land in consideration of $210, for the purpose of securing a debt for that sum, and about 1890 Hogan deeded the land for said consideration to Boyd who, claiming under said deed, is proceeding to eject petitioners under §4077 of the code, and threatens to levy a distress warrant on the crops of said premises; that petitioners have filed their counter-affidavit, claiming that they are not his tenants, and offering bond and security as required by law, but the affidavit and bond were declined by the sheriff on account of the fact that the security was not worth the necessary amount over the statutory homestead; that Boyd well knew, at the time of the transfer of the title to him by Hogan, that though petitioners held no bond for titles for reconveyance, their deed to Hogan was merely to secure a debt. They have, ever since the giving of the deed to Hogan,

been in open, peaceable and adverse possession of the land, which is worth $600, and is the only home of petitioners, who, owing to their poverty, are unable to give satisfactory security as required by law. They are aged and infirm in health, and eviction from their home would remedilessly injure their financial interest and estate and leave them helpless and dependent without any resources. They have tendered Boyd the money that is due him on the land, and stand ready to pay it to him, and he refuses to receive it, and is proceeding as above recited. They pray that he be enjoined from having issued or levied any distress warrant against petitioners. By amendment they allege that they have a *bona fide* claim to said land; and pray, if a verdict or judgment be obtained finding any sum to be due Boyd, that they be allowed a reasonable time in which to pay said sum, and failing so to do, that the land be sold and the amount due Boyd be paid first from the proceeds of the land, and the balance be paid over to them.

COLLEY & SIMS, for plaintiffs.
JOHN T. WEST, for defendant.