STEVENS *v.* WORRILL, administratrix.

Where one executed to a named grantee a security deed, and subsequently, upon the death of the grantor, his widow became his administratrix, and a year's support was duly set apart to the widow, embracing all the right, title, and interest of the decedent in the lands conveyed by the security deed, she, remaining in possession, was entitled to the rents and profits growing out of the land, until the institution of an action to recover the land or other appropriate proceedings by the grantee in the security deed to subject the land and mesne profits to the debt due him.

DECEMBER 15, 1911.

Complaint. Before Judge Littlejohn. Stewart superior court. December 17, 1910.

*G. Y. Harrell* and *T. T. James,* for plaintiff.
*Tomlinson Fort* and *F. A. Hooper,* for defendant.

BECK, J. J. M. Stevens was grantee in a deed to secure a debt, made and executed by B. H. Worrill, the deed being second in pri-

ority to a deed given on the same day to the British & American Mortgage Company to secure a loan. The two deeds covered the same property, consisting of several lots of land in Stewart county; and in each instance the grantee gave to Worrill a bond to reconvey the property upon his making payment of the loan. Worrill died, having defaulted in the payment of either loan. The Mortgage Company filed in the United States court an equitable petition to foreclose its security deed as a mortgage, and obtained a judgment against the property for the amount of its debt. Under this judgment the land was sold for less than the Mortgage Company's judgment. Worrill having died in the latter part of 1905, the appraisers, in May, 1906, regularly set apart to Mrs. Worrill, as a year's support for herself, "all the right, title, and interest which B. H. Worrill had at the time of his death in and to" the property covered by the security deeds given to Stevens and the Mortgage Company. Mrs. Worrill rented out the lands, and received the rents and profits therefrom for the years 1907, 1908, and 1909, before the land was sold in the fall of 1909. These rents were the only property that came into her hands which the plaintiff claimed was subject to his demand. After the sale of the land under the proceedings of the Mortgage Company, Stevens filed suit, praying a general judgment against Mrs. Worrill, administratrix, and a special judgment against the land. The administratrix filed a plea of plene administravit. Under the direction of the court the jury returned a verdict in favor of the plaintiff for the principal debt with interest "to be levied of the goods and chattels of B. H. Worrill that may hereafter come into the hands of Mrs. Carrie H. Worrill as ex-off. administratrix of B. H. Worrill;" and found in favor of her plea of plene administravit. The plaintiff made a motion for a new trial, which was denied, and he excepted; he contending that the rents and profits received by Mrs. Worrill were a part of the Worrill estate to be administered, and that the same were subject to this debt, while Mrs. Worrill contended that such rents and profits constituted a part of the year's support regularly set apart to her.

Under the statement of facts agreed upon by the parties to this case at the trial, which constituted the only evidence submitted for the consideration of the judge in passing upon the case, the sole question for determination was whether the plaintiff was entitled

to a general judgment against the defendant as administratrix, to be levied of the goods and chattels of the decedent, or to a judgment quando merely. The trial judge was of the opinion that the plaintiff was entitled only to a judgment quando, and rendered such in his favor; and of this the plaintiff complains. Under the terms of the order setting apart to Mrs. Worrill the year's support in question, she took all the right, title, and interest in the lands involved in this controversy, which remained in her husband after the execution of the deeds to the Mortgage Company and to Stevens. It is only necessary to consider what right, title, and interest in the land was left in Worrill after the execution of the security deed to Stevens; because the right, title, and interest of Worrill, the grantor in the deed to Stevens, was identical with the right, title, and interest which, after his death, the widow had in the lands. It is contended in the brief of counsel for the plaintiff in error, that, after default in the payment of the debt secured by the deed, Worrill could have been compelled to attorn to Stevens, just as if the deed, after default, created the relationship of landlord and tenant between the two. This proposition is not supported by the authorities cited. The exact question has been raised in this court before, and resulted in a holding laying down the reverse of the proposition maintained by the plaintiff. In the case of *Polhill* v. *Brown,* 84 *Ga.* 338 (10 S. E. 921), it was said: "While he [the holder of a security deed] had a right to the possession of the land and might have recovered the same in an action of ejectment, he had no right to recover mesne profits from the owner of the land, . . except pending the action and to apply the same in payment of the debt due him." And in the case of *Ray* v. *Boyd,* 96 *Ga.* 808 (22 S. E. 916), it was ruled that one who makes to a creditor, for the purpose of securing a debt, a deed to land but retains possession of the land, does not thereby become a tenant either of such creditor or his vendee. If Worrill himself had continued in life and in possession of the lands conveyed by the security deed to Stevens, he would have had the right to collect and use the rents and profits growing out of the land, and to continue to do so even after default in the payment of the debt secured by the deed, until the holder of the deed should bring an action to recover the land, or other appropriate proceedings to subject the land and mesne profits to the debt secured by that deed. And it follows from

what we have said above as to the identity of the right, title, and interest in the land vested under the year's support in the widow with the right, title, and interest which Worrill himself would have had if he had continued in life, that his widow was entitled to the rents of the land which the plaintiff insists are subject to his claim.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*