### 15390.   ATLANTA FINANCE COMPANY *v.* LUNSFORD.

LUKE, J.   1. Where an employee, in good faith and for a valuable consideration, sells, transfers, and assigns his title and right to possession of a stipulated amount of salary due him by his employer, and thereafter, in disregard of the rights of the transferee, collects the money thus transferred, a right of action arises in favor of the transferee against the employee. *Central of Georgia Ry. Co.* v. *King,* 137 *Ga.* 369 (1) (73 S. E. 632); *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (1) (97 S. E. 78).

2. While in every case an action of trover may lie in favor of the owner of personalty wrongfully converted by another to his own use, that action is not the owner's sole remedy. He may at his election maintain trover, or sue for damages for the injury to or conversion of his property, or he may waive the tort and sue in implied assumpsit for the value of the chattel or chose in action so wrongfully converted. *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (1) (63 S. E. 270).

3. The nature of the action when brought is determined, not by the designation of the pleader, but by the intrinsic contents of the petition, its recitals of fact, the nature of the wrong sought to be remedied, and the quality of the remedy invoked. *Pennington* v. *Douglas &c. Ry. Co.,* 3 *Ga. App.* 665 (2) (60 S. E. 485).

4. Where a petition sets out in minute detail a right of action of the character first indicated above (paragraph 1), but makes no effort to identify or describe the particular piece or pieces of money so received by the defendant, the suit is not to be construed as an action of trover simply because the prayer for process is preceded by allegations and a prayer touching the alleged cause of action as follows: "13. The defendant is in possesson of $55 in lawful money of the United States, the property of plaintiff, and of the value of $55, the possession of which is illegally and fraudulently held in the way and manner herein set out, and plaintiff has a right to possession of the same, and the said defendant refuses to turn over to plaintiff the said sum of money belonging to plaintiff, demand having been made on defendant to turn over to plaintiff said money on or about August 12th, 1923. 14. That said refusal of defendant to turn over and deliver to plaintiff the property herein described, and the retention of same by and for the

defendant's own use and benefit, constitute an action in damages to and conversion of personal property of plaintiff by defendant in the sum of $55 by the acts and doings of the defendant for the conversion of his personal property herein described, and prays judgment for the sum of $55 so converted."

5. In view of the foregoing principles, the municipal court of Atlanta erroneously construed the plaintiff's suit as an action of trover, and erroneously dismissed the petition for its failure to set out a "particular description of the money alleged to have been purchased." The judgment of the superior court overruling the certiorari was accordingly erroneous.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 9, 1924.

Certiorari; from Fulton superior court—Judge Ellis. January 30, 1924.

*R. R. Jackson, T. L. Lanford,* for plaintiff.

*M. Herzberg,* for defendant.