## MITCHELL *v.* LaGRANGE BANKING & TRUST COMPANY.

1. The court did not err in appointing a receiver.
2. It is not error to appoint a receiver to take charge of the demised premises and collect the rents, issues, and profits thereof pending litigation, upon the application of the grantee of the security deed thereto, over the objection of the widow of the grantor, who claims the equity in such premises as a year's support, where an inspection of the record shows no description of said realty adequate for its identification, and there is evidence authorizing the judge to find that waste is being committed, that there is uncertainty whether the property pledged is of adequate value to pay the debt and accumulated interest, that the taxes upon the property have not been paid, and that the party in possession is insolvent.

No. 6117. AUGUST 15, 1928.

Receivership. Before Judge Roop. Meriwether superior court. May 27, 1927.

*N. F. Culpepper,* for plaintiff in error.

*A. H. Thompson* and *Raymond W. Martin,* contra.

RUSSELL, C. J. The LaGrange Banking and Trust Company filed its petition in Meriwether superior court against E. P. Hurst of Coweta County, administrator of the estate of Tobe Strozier, deceased, and Mary Ann Strozier Mitchell, who resides in Meriwether County. Plaintiff alleges that it holds the note of Tobe Strozier for the principal sum of $1095 secured by a deed in which Tobe Strozier conveyed to the plaintiff 100 acres of land located in Meriwether County to secure said note; that suit has been filed by the plaintiff in the city court of Newnan, Coweta County, against the administrator, in which the plaintiff prays for a judgment for the amount of the note and for a special lien upon said land; that the administrator has made an effort to dispose of said land and sell either the equity or the full title thereto; that under some pretended claim Mary Ann Strozier Mitchell has filed a claim in the court of ordinary of Meriwether County; and that she is insolvent. Plaintiff prays for the appointment of a receiver to take charge of said property, to pay off any prior liens thereon, and to hold the residue of the rents and profits pending the suit in the city court of Newnan; and that such receiver sell the property and apply the net proceeds to the payment of plaintiff's debt.

The answer of Hurst, the administrator, admits the allegations of the plaintiff's petition, joins in the prayer for a receiver, and prays that he be appointed as such. Mary Ann Strozier Mitchell filed her plea and answer in which she sets up that the land in con-

troversy was set apart to her as a year's support, she being the widow of Tobe Strozier, deceased, that she entered into possession of said land and has been in possession since the death of Tobe Strozier, and that she claims title to said land to the extent that Tobe Strozier held title at the date of his death. She denies that the administrator had any legal right to sell said land or any part thereof, and she admits that when he attempted to sell she filed a claim which is pending in Meriwether superior court.

The judge of the superior court ordered that Hurst be appointed receiver under $300 bond, with authority to rent the land (giving the widow the refusal), to collect the rents for the year 1927 and until the case is finally disposed of, to protect and preserve the property by insuring the dwellings and otherwise, to pay the taxes out of the rents received, and to hold the balance of the rents subject to further order of the court. Error is assigned upon this judgment.

As admitted in the brief of counsel for the plaintiff in error, "the only question involved is the right of the trial court to appoint a receiver in this case." If this be true, it is immaterial at this time to consider the validity of the administrator's sale which is attacked in the answer of the defendant Mitchell, even though as the lawful widow of Tobe Strozier, deceased, she was properly awarded the farm which is now the subject of controversy as a year's support, and the sale made by the administrator be void not only for the reason that the administrator can not sell property which has not been reduced to his possession, but for any other reason. Conceding that under the principles announced in *Daniel* v. *Wilson,* 91 *Ga.* 238 (4) (18 S. E. 134), and *Whatley* v. *Watters,* 136 *Ga.* 701 (2) (71 S. E. 1103), a widow is by law entitled to have the equity in land subject to a deed for debt set aside to her as a twelve months support, the court did not err, under the facts appearing in this record, in appointing a receiver to hold the property until an adjudication of the issue involved. While the plaintiff in error in her answer denied insolvency, there was ample evidence to the contrary; and it can not be said that the judge erred in finding her to be insolvent. The Civil Code (1910), § 5475, provides that "When any fund or property may be in litigation, and the rights of either or both parties can not otherwise be fully protected, . . a receiver of the same may be appointed (on a

proper case made) by the judge of the superior court having juris-diction thereof, either in term time or vacation, and such receiver is an officer of said court." That section had its origin as far back as 1855, and has been so frequently construed by this court that citation of authority is not necessary to support the proposition that where the rights of either party would be endangered for the lack of a receiver, the discretion of the court in the appointment of a receiver will not be disturbed unless there is a manifest abuse of discretion. While we recognize the rule announced in the authority cited by learned counsel for the plaintiff in error, which gives the widow the right to have set apart to her a year's support the equity in land which is subject to a deed given by her husband to secure his debt, this right is not to be construed in any case as affecting the right of the holder of the security deed executed by the husband in his lifetime. Per contra, the right of the widow is in all such cases subject to the superior right of the creditor holding the se-curity deed; and so it was only held in *Whatley* v. *Watters,* supra, that the year's support judgment took effect upon all the interest which the decedent had in the property after the satisfaction of the loan deed. In other words, the widow stands in the same shoes as her husband occupied, and her situation after his death can not be better or different from his during his lifetime. In *Stevens* v. *Worrill,* 137 *Ga.* 255 (73 S. E. 366), this court held that when a year's support was duly set apart to the widow, "embracing all the right, title, and interest of the decedent in the lands conveyed by the security deed, she, remaining in possession, was entitled to the rents and profits growing out of the land, until the institution of an action to recover the land or other appropriate proceedings by the grantee in the security deed to subject the land and mesne profits to the debt due him." The facts in the case at bar as dis-closed by the evidence before the judge easily distinguish it from the *Stevens* case, where there was no question that the right, title, and interest of the decedent in the land conveyed by the security deed had been duly set apart to the widow. In the case at bar the appraisers' return "set apart, as being necessary for the sup-port and maintainance of said widow and children, the sum of $450 which the said widow has selected to take as follows: Crop of about 30 acres of cotton, 15 acres on halves; about 20 acres in corn, ten acres on halves; 1 mule, 16 or 18 years old, $25; 1 cow,

$25; two shoats, $10; fodder, $10; wagon, $20; buggy, $10; household and kitchen furniture, $75; notes and accounts, farm tools, $10; all of the property and all of the estate of Tobe Strozier, deceased, including growing crops, which we value at $450." If there is any reference whatever to land in this appraisement, it must be in the words "all of the property and all of the estate of Tobe Strozier, deceased." Certainly the reference to land without any description by which it could be identified would be a futile effort to convey the title thereof to the beneficiary of the year's support. Nor is there any plat of the land by which it can be identified, which under the act of 1918 (Acts 1918, p. 122) would be requisite, unless there is such an exact and specific description of the premises as will suffice to dispense with the necessity for a plat. *Willcox* v. *Beechwood Band Mill Co., 166 Ga.* 367 (143 S. E. 405).

Counsel for plaintiff in error argues that since the bank, following the ruling in *Stevens* v. *Worrill,* supra, did not elect to bring an ejectment suit and ask for mesne profits, the court should not have granted a receiver. As has frequently been the case, and as suggested in the *Stevens* case, the institution of an action to recover the land is not the sole and exclusive remedy provided by law. The language used in the decision in the *Stevens* case, holding that the widow is entitled to the rents and profits, is "until the institution of an action to recover the land *or other appropriate proceedings* by the grantee in the security deed." It seems to us that where waste is being committed, where there is uncertainty whether the property pledged is of adequate value to pay the debt and accumulated interest, where the taxes upon the property have not been paid, thus creating a superior lien in favor of the State which diminishes the security of the creditor, and where the party in possession is insolvent, there is good reason for the appointment of a receiver, and that an application for the appointment of a receiver is an "appropriate proceeding" "to subject the land and the mesne profits to the debt due him."

> *Judgment affirmed. All the Justices concur.*

GILBERT, J. I concur in the judgment. In my opinion the proper construction of the judgment setting aside a year's support is that no interest whatever in the realty was set aside. The appraisers set aside personal property specifically named. I can not concur in what is said in the opinion with regard to the necessity

for filing a map when land is set aside as a year's support. The reasons for this view are given in the dissenting opinion in *Willcox* v. *Beechwood Co.*, 166 *Ga.* 374 (supra).