No. 9695. JANUARY 13, 1934. REHEARING DENIED FEBRUARY 24, 1934.

### PENN MUTUAL LIFE INSURANCE COMPANY *v.* LARSEN.

ATKINSON, J. 1. A conveyance of real property under the Civil Code, §§ 3306 et seq., by deed to secure debt, "shall pass the title of said property to the vendee till the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage."

2. The act approved August 21, 1922 (Ga. L. 1922, p. 114), declares that "all crops, matured or unmatured, shall be and the same hereby are declared to be personalty."

3. A security deed executed under the Civil Code, §§ 3306 et seq., after the passage of the act of 1922, supra, to convey cultivated farm land as security for debt, does not ordinarily comprehend crops matured or unmatured on the land.

4. Where a deed of the character mentioned in the preceding division contains clauses: (a) "that in case the debts hereby secured shall not be paid in full when they become due, . . the parties of the second part may enter upon said premises and collect the rents and profits thereof, may sell the said property at auction," etc.; (b) that the relation of the party of the first part "with the said parties of the second part, during the term of this instrument, shall be that of tenant under the said parties of the second part; and in case of a sale as hereinbefore provided, or by foreclosure by process of law, the party of the first part or any one claiming under the said party of the first part shall then become and be a tenant or tenant holding over," etc., the grantor or his grantee holding subject to the security deed, being in possession and receiving rent notes from his tenant cultivating crops on the land, may not be disturbed in his right to the rents by the holder of the security deed before entry upon the land for the purpose of collecting "the rents and profits thereof."

5. Where a grantee so in possession and receiving rents brings suit to enjoin sale of the realty in pursuance of a power of sale contained in the security deed, and before any entry upon the land by the holder of the security deed for the purpose of collecting rents he assigns a rent note issued to him by his tenant to an attorney at law for his fee in bringing the suit, the attorney acquires a good title to the rent note, notwithstanding notice to him of the existence and terms of the security deed.

6. The right of the attorney would not be affected by an order of court on a subsequent application by the holder of the security deed for receiver, directing the plaintiff in the injunction suit to deliver to the clerk of court all rent notes received by him for the year in question.

7. On the pleadings and the evidence the judge did not err, after making the attorney a party to the equity suit on application of the holder of the security deed, in refusing to require the attorney to pay into court the amount of the note which he had collected, to be applied as a part of the security on the original debt.

*Judgment affirmed. All the Justices concur.*

No. 9449. FEBRUARY 13, 1934.

258

*Dasher & Carlisle,* for plaintiff.   *C. C. Crockett,* for defendant.