HAMMOND, administrator, *v.* BENNEFIELD, administratrix.

No. 10775.   OCTOBER 22, 1935.

*C. D. Rivers,* for plaintiff in error.
*John D. & E. S. Taylor* and *Wright & Covington,* contra.

HUTCHESON, Justice.   Mrs. Rena Bennefield, administratrix of the estate of Miss Judie Dunn, filed in the court of ordinary her application for leave to sell fifty acres of land described, as belonging to the estate.   V. Hammond filed his claim affidavit (Code of 1933, §§ 49-208 et seq., 113-1801 et seq.), alleging that 13 described acres of said land was not the property of the estate, but was his property.   These papers were transferred to the superior court, where the claimant was allowed to file his verified amendment, in which he alleged as follows:  "That he owns the title in fee simple to said described tract, and that the estate of Miss Judie Dunn was an undivided one-half interest in the equity formerly recovered by said Miss Judie Dunn and Mrs. Rena Bennefield from O. B. Chandler in said described lands, and that this claimant holds said title as security for all purchase-money owing to him by the said O. B. Chandler for lands bought from him in said lot No. 84 by said O. B. Chandler."   Mrs. Bennefield moved to dismiss the claim as amended, on the ground that the facts

therein alleged were not sufficient to sustain it. The court sustained the motion and dismissed the claim, and claimant excepted.

In *Daniel* v. *Wilson*, 91 *Ga.* 238 (4) (18 S. E. 134), it was held: "The purchaser of land at an administrator's sale gets no better title than the intestate had." Hence, where he had conveyed absolutely to his creditor, whether in payment of debt or only as security therefor, a purchaser from his administrator got no title as against the creditor, except upon condition of redeeming the land if it were taken by the creditor as security only. The claim in the instant case was not the proper remedy, and the court properly dismissed it. Even if the property should go to sale, nothing could be sold more than the interest of the intestate, and this could not jeopardize any right or claim of the plaintiff in error.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*