ADDISON *v.* McENTIRE, guardian, *et al.*

280

No. 12823. October 19, 1939. Rehearing denied November 17, 1939.

*George L. & Carter Goode,* for plaintiff.
*L. P. Webb* and *William Hall,* for defendants.
ATKINSON, Presiding Justice. 1. Where a purchaser of land from

the owner thereof, having paid part of the purchase-price and executed a series of notes for the balance, is admitted into possession under a bond for title obligating the vendor to execute a deed conveying the land on payment of the notes, he thereby acquires an equitable interest in the land, including a right to possession and the rents and profits.

2. If the obligee dies before payment of the balance of the purchase-money, and his interest is set apart to his widow and minor children as a statutory year's support, such interest passes to them in virtue of the year's support. *Winn* v. *Lunsford,* 130 *Ga.* 436 (3) (61 S. E. 9).

(*a*) The obligee's right to possession and rents and profits, acquired under bond for title to land, is equal to that which a grantor retains where he conveys legal title to land as security for debt. In such latter case it has been held: "Where one executed to a named grantee a security deed, and subsequently, upon the death of the grantor, his widow became his administratrix, and a year's support was duly set apart to the widow, embracing all the right, title, and interest of the decedent in the lands conveyed by the security deed, she, remaining in possession, was entitled to the rents and profits growing out of the land, until the institution of an action to recover the land or other appropriate proceedings by the grantee in the security deed to subject the land and mesne profits to the debt due him." *Stevens* v. *Worrill,* 137 *Ga.* 255 (73 S. E. 366). See *Mitchell* v. *LaGrange Banking & Trust Co.,* 166 *Ga.* 675, 677 (144 S. E. 267). Under this rule, the right of beneficiaries, under the provision for statutory year's support, to possession, rents, and profits, will yield to the right of the owner, being the obligor in the bond for title under which they claim, where such owner institutes action to recover the land or other appropriate proceeding to subject the land and rents and profits to payment of the debt.

(*b*) An action for receiver to sell the land and collect rents and profits thereof is an appropriate proceeding for collection of the debt, which if well founded would render the rents and profits subject to the debt.

3. Where in a proceeding of the character mentioned above, instituted by the obligor in the bond for title against the beneficiaries of the year's support, the petition alleged insolvency of

the obligee, and that the property was deteriorating in value, and prayed for appointment of a receiver and for sale of the property, the proceeds thereof to be applied in part to the discharge of past-due notes given by the obligee, and that a sufficiency of the purchase-price be impounded to discharge other notes given by him which are not due, but did not allege that the insolvency of the obligee occurred since the date of the bond, or that any waste was being committed, or that the deterioration was other than natural wear and tear, the petition failed to allege a cause of action for the relief sought, and the general demurrer was properly sustained. *Jordan* v. *Beal,* 51 *Ga.* 602. See also *Williams* v. *Stewart,* 56 *Ga.* 663 (3); *Tumlin* v. *Vanhorn,* 77 *Ga.* 315 (3 S. E. 264); *Rosenberg* v. *Wilson,* 160 *Ga.* 399 (128 S. E. 178); *Goff* v. *National Bank of Tifton,* 170 *Ga.* 691 (153 S. E. 767).

(*a*) Unless expressly provided by the contract, an obligee in a bond for title is not under a duty to the obligor to insure the property against loss by fire. Neither are the beneficiaries under the provision for statutory year's support, to whom the equity of the obligee was set apart after his death, under such duty to insure the property. Accordingly, allegations that the improvements on the property are not insured, and that the beneficiaries refuse to insure, do not aid the petition for equitable relief.

(*b*) The case differs from *McCurry* v. *Pilner,* 159 *Ga.* 807 (126 S. E. 781), and cit., where the suit in equity sought *personal judgment against the obligee* in the bond for title, before maturity of all the purchase-money notes, and sale of the property, and impounding of the proceeds, to pay notes as they should mature in the future. In the instant case there was no suit against the obligee in the bond for title.

*Judgment affirmed. All the Justices concur.*