## 33608. PADGETT v. BUTLER.

DECIDED JULY 13, 1951.

*Charles W. Anderson, Scott Lay Jr.*, for plaintiff.
*Leonard Pennisi*, for defendant.

SUTTON, C. J. This case was transferred to this court by the Supreme Court. *Padgett v. Butler*, 208 *Ga.* 28 (64 S. E. 2d, 446).

Mrs. Willie Hazelrig Padgett sued Mrs. Forrest L. Butler for $400 rent, with interest, in the Civil Court of Fulton County. General and special demurrers to the original petition were filed; the general demurrer was overruled, and the grounds of special demurrer were sustained, with leave to amend. The plaintiff amended within the time allowed, and in her petition as amended alleged the following: The defendant is indebted to the plaintiff in the sum of $400, principal, besides interest at the rate of seven percent, for fourteen months' rent on a house and lot known as 8 Taylor Street, in the City of Atlanta, said rent being for the period from October 23, 1947, to February 23, 1949. The defendant is the widow of J. R. Butler, and during his life, on February 16, 1942, J. R. Butler executed and delivered a note for $1800 payable in one year to Willie Hazelrig, the plaintiff, who was then a single a woman but has since married, and her present name is Mrs. Willie Hazelrig Padgett. J. R. Butler died on October 29, 1947. The money and interest due upon said notes remain unpaid. On February 16, 1942, J. R. Butler also executed a security deed conveying to Willie Hazelrig an improved tract of land to secure said debt, the property being known as 8 Taylor Street N.W., in Fulton County, Georgia, and being the same tract referred to in Exhibit A, annexed to the petition. Said security deed assigned to the grantee the rents and profits from said property in event of default in payment and further provided in event of sale under power in said

deed, that the grantor should then be a tenant holding over and deliver possession to the purchaser or be summarily dispossessed as a tenant, the provision in the security deed being as follows: ". . . as further security and Borrower hereby (in the event of any default hereunder) assigns to the Lender all rents, issues and profits from said property. The Borrower covenants that in the event of a sale under power as hereinabove provided, the Borrower shall then become and be a tenant holding over and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over." As above stated, the amount of the note, $1800, was due February 16, 1943, and it was alleged in the petition that the note, before and at the time of the death and up to the time of filing the suit, remained unpaid. The defendant collected the rent accruing from month to month from the tenants occupying said property from October 23, 1947, to February 23, 1949, inclusive, and did not account for and pay over said rents and profits to the plaintiff to be applied on said debt. At all times the defendant knew and should have known of said debt, said note and security deed, that the latter was a lien of record in Deed Book No. 1903, folio 75, of the Fulton County Records, and that said debt was wholly unpaid. The defendant did not reside on said property in October, 1947, or at any time thereafter. At and prior to the death of J. R. Butler, he and the defendant were living in a bona fide state of separation. On January 20, 1948, the defendant herein filed a petition in equity against the plaintiff, obtaining an interlocutory injunction against the plaintiff's advertising and selling said property as provided for in said deed and as evidenced by Exhibit A. By virtue of said injunction the plaintiff was for several months deprived of her rights to foreclose said debt, and the defendant continued to collect said rents and did not pay them over to the plaintiff on said debt. At the trial of said case on February 23, 1949, Mrs. Butler was nonsuited, her motion to reinstate the case was denied, and this judgment was affirmed by the Supreme Court. The plaintiff was at all times entitled to the rents and profits from said property as security for said debt, and the defendant collected and used said rents and profits without rights

thereto. The tenants paid and the defendant collected said rents and profits for fourteen months at $25 per month from October 23, 1947, to February 23, 1949, and the defendant is indebted to the plaintiff for all said sums and seven percent per annum from the date of each monthly collection and payment.

Exhibit A was a "Notice of Sale Under Power to Secure Debt," announcing that a described tract of land would be sold by Willie Hazelrig on the first Tuesday in February, 1948, pursuant to the terms of the note and deed to secure debt.

The defendant demurred generally on the ground that the amendment did not set forth a cause of action against her, either by itself or with the original petition. Special demurrers were filed but not passed upon. The trial judge sustained the general demurrer and dismissed the amended petition. The plaintiff excepted to this judgment.

■ This was an action for money had and received by the defendant, belonging to the plaintiff. The case alleged is that the defendant, as the widow of J. R. Butler, for a period of fourteen months after her husband's death in 1947 collected the rents accruing on certain property owned by him, which rents had been assigned to the plaintiff by a provision contained in a duly recorded security deed executed and delivered by J. R. Butler to the plaintiff in 1942, securing a note payable to the plaintiff in one year, which note was not paid at maturity and continued to remain in default and unpaid up to the time of filing of the suit. The provision in the security deed was alleged to be, "Borrower hereby (in the event of any default hereunder) assigns to the Lender. all rents, issues and profits from said property."

Rent is treated as personalty. *Autrey* v. *Autrey*, 94 *Ga.* 579 (20 S. E. 431). Personalty to which the owner has a right of possession in the future is a chose in action (Code § 85-1801), and may be assigned (Code, § 85-1803). *Few* v. *Pou*, 32 *Ga. App.* 620 (124 S. E. 372), and *L. P. Stephens Investment Co.* v. *Berry Schools*, 188 *Ga.* 132 (3 S. E. 2d, 68), are cases in which assignments of rent were involved but not questioned. The allegation of the written assignment by the owner of the property of the rents therefrom in the event of a default under the terms of the security deed, together with the allegation that

the debt secured remained unpaid at all times therein referred to, was sufficient to show a default and to establish the plaintiff's right to the rents. It was alleged that the assignment was of record, thereby giving the defendant constructive knowledge of the plaintiff's right to the rents. Under these alleged circumstances, the defendant is not entitled to withhold from the plaintiff the money collected as the rent of the property in question, and the petition as amended set out a cause of action. *Alexander* v. *Coyne*, 143 *Ga.* 696 (85 S. E. 831, L. R. A. 1916 D, 1039) ; *Atlanta Finance Co.* v. *Lunsford*, 32 *Ga. App.* 787 (124 S. E. 813). The cases of *Stevens* v. *Worrill*, 137 *Ga.* 255 (73 S. E. 366), *Polhill* v. *Brown*, 84 *Ga.* 339 (10 S. E. 921), and *Ray* v. *Boyd*, 96 *Ga.* 808 (22 S. E. 916), cited and relied on by the defendant in error, are not applicable here, as the deeds to secure debt in those cases did not contain assignments of the rents.

It was error to sustain the general demurrer and to dismiss the petition as amended.

*Judgment reversed. Felton and Worrill, JJ., concur.*