**In re Jesse C. JONES, Debtor.**

**Jesse C. JONES, Plaintiff,**

**v.**

**UNITED STATES of America, acting on behalf of the FARMERS HOME ADMINISTRATION, Defendant.**

**Bankruptcy No. 86–20103–AMER.**
**Adv. No. 87–2005–AMER.**

United States Bankruptcy Court,
M.D. Georgia,
Americus Division.

Sept. 16, 1987.

Fife M. Whiteside, Columbus, Ga., for plaintiff.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

This is an action for Declaratory Judgment filed by this Chapter 11 Debtor against one of his creditors, United States of America, acting on behalf of the Farmers Home Administration, hereinafter sometimes referred to as "the Creditor." The issue has to do with entitlement to rents and interest thereon, the rents having been paid to the Debtor in Possession on property, a portion of which is subject to valid first priority deeds to secure debt in favor of the creditor. The Debtor's attorney is holding in his trust account as of July 8, 1987 the amount of $83,379.76. The creditor claims to be entitled to 56% of those proceeds plus the same percentage of any additional rents and interest thereon.

Both parties have moved for Summary Judgment, have waived oral argument, and have indicated that the court should rule based upon the file in this Adversary Proceeding as of this time. Both parties have submitted briefs in support of their positions.

## FACTS

In connection with loans made by creditor to Debtor, the Debtor conveyed certain real property to the creditor as security for said loans by deeds to secure debt which were duly recorded. The deeds to secure debt in question contained insofar as is pertinent hereto the following provisions:

"...at all times to secure ...the performance of every covenant and agreement of Borrower contained herein ..., Borrower does hereby grant, bargain, sell, convey, and *assign* unto the Government, with general warranty, the following property ...together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, *the rents*, issues, and profits thereof and revenues and income therefrom ...and all payments at any time owing to Borrower by virtue of any sale, *lease*, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called 'the property'; ..."

\* \* \* \* \* \*

"AND COVENANTS AND AGREES as follows:

\* \* \* \* \* \*

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government...." (Emphasis added)

In the event of default, the deeds to secure debt authorize the creditor to foreclose the deed by selling the property with or without taking possession of the same. Each deed recites that it is "a deed and absolute conveyance passing title pursuant to the laws of the State of Georgia governing loan or security deeds and is not a mortgage."

In January of 1986 the Debtor was in default to the creditor and, fearing that he would be unable to cultivate in his own account that year, he leased a substantial part of his property to his son, Jesse C. Jones, Jr., without permission of the creditor, despite his covenants to the contrary in the security deeds. In May of 1986 he orally leased remaining portions of his property to his son.

Thereafter, on May 7, 1986, the Debtor filed his petition under Chapter 11 of the Bankruptcy Code. The Creditor had at this point not entered into possession, commenced foreclosure, or notified the lessee (about whom it apparently had no knowledge) to pay rents to the Creditor. It had on February 12, 1986 sent the Debtor a

"Notice of Intent to Take Adverse Action." On July 9, 1986 the Court approved assumption by the Debtor of these leases. No notice of the application for said approval was given to the creditor.

On September 15, 1986 the Debtor filed a Plan under Chapter 11. The Disclosure Statement was approved and a hearing was held on confirmation of the Plan. Farmers Home Administration objected. One of their objections was based upon the fact that at that time the Debtor was holding approximately $76,000.00 in rental proceeds that were derived from leasing property subject to security interests of creditors including the Farmers Home Administration. Said creditor contended that these funds were subject to their security interest and the security interests of other lienholders and that the Debtor should be required to remit said rental proceeds to the lienholders on a pro rata basis.

On March 30, 1987 a hearing was held on confirmation of the Debtor's amended Plan. The objection of the Farmers Home Administration was sustained and confirmation of the amended Plan was denied. Thereafter, on April 22, 1987, this action for Declaratory Judgment was brought by the Debtor.

## CONCLUSIONS OF LAW

This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(K). This court is required to determine the extent of the creditor's rights in crop rents according to the law of Georgia. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). The basic dispute has to do with whether or not a secured creditor which has an assignment of rents clause such as the ones found in the security deeds to Farmers Home Administration in this case must, after default, enter into possession of the land or take other affirmative action, such as notifying the lessee to make rent payments to the creditor, in order to perfect its security interest in the rents. The Georgia cases appear to be contradictory and each party finds some support for its position in the cases. After careful consideration of the cases and authorities cited, the court is of the opinion

that under the facts of this case the creditor was not required to take any affirmative act to perfect its security interest in the rents after default. *Padgett v. Butler*, 84 Ga.App. 297, 66 S.E.2d 194 (1951).

## DISCUSSION

The Debtor relies upon a series of Georgia cases and a treatise on Georgia real estate law. 2 *Pindar, Georgia Real Estate*, para. 21–14.2 (3d Ed., 1986) captioned "Assignment of Rents," reads as follows:

"Since the grantor in a security deed remains in possession and is entitled to retain his occupancy of the premises until default, lending institutions commonly place in the deed or a separate contemporaneous instrument an assignment of rents, under which all rents and profits of the land are pledged as additional security for the secured indebtedness. Rents and profits are incorporeal hereditaments, part of the bundle of rights known as possession, and a lender out of possession is not entitled to receive rents. Upon default, he may assume the possessory right to receive rents by notice to occupants or tenants. Thereafter, all rents must be paid to the lender or his agent, and are credited against the secured debt after deducting the costs of collection." (Footnotes omitted.)

*Pindar* cites as authority for his assertion that "a lender out of possession is not entitled to receive rents," the case of *Stevens v. Worrill*, 137 Ga. 255, 73 S.E. 366 (1911). While that case did hold that after default the grantor in a security deed could still collect the rents if the grantor remained in possession of the property, there is no indication in that case that there was an assignment of rents clause of any kind in the security deed in question. Thus *Stevens v. Worrill* does not stand for the proposition cited by Pindar in situations where there is an assignment of rents clause in the security deed. The Debtor also relies on other cases involving assignments of rent clauses that by their very terms required some action on the part of the creditor to perfect its right to the rents. In *Penn Mutual Life Ins. Co. v. Larsen*,

984

178 Ga. 255, 173 S.E. 125 (1933) the security deed contained a clause that upon default the creditor "may enter upon said premises and collect the rents and profits thereof...." The Georgia Supreme Court there held that the creditor had not perfected its security interest in the rents prior to any entry upon the land by the holder of the security deed for the purpose of collecting rents. The Debtor also relies upon a bankruptcy court case from the Northern District of Georgia, *In re Perimeter Park Investment Associates, Ltd.*, 1 B.R. 473 (1979). That case contains a very interesting discussion of the law both in this state and in other states and comes to the conclusion that the Georgia law is correctly stated by Pindar. However, the security deed in the *Perimeter Park* case provided that "default ...shall terminate the Grantor's right to possession at the option of the Grantee." (*Id.* at 478). Since the court found that the grantee had not exercised an option, that case is distinguishable from the instant case. Additionally, that case, in the opinion of this court, attempted to distinguish *Padgett v. Butler*, supra, by stating that it involved an assignment of the rents and for that reason was not applicable to the present case. The only assignment involved in *Padgett v. Butler* was the assignment in the security deed which read as follows:

"Borrower hereby (in the event of any default hereunder) assigns to the Lender, all rents, issues and profits from said property." (84 Ga.App. at 299, 66 S.E.2d at 196).

It appears to this Court that *Padgett v. Butler* is directly in point and is the only Georgia case involving an assignment of rents clause which did not by its terms require further action by the secured party to perfect its interest in the rents. Therefore, this court finds that the Georgia law is as expressed in *Padgett v. Butler*. If there is an unconditional assignment of rent in a security deed, no action by the Creditor is required after default to entitle it to any rents identifiable or traceable as such. *Stevens v. Worrill* is not controlling because it did not involve an assignment of rents clause and the *Padgett* court specifically distinguished it on that basis.

This decision is also consistent with a previous unreported decision of Former Judge Moseley of this court (*In re Brown*, Case Number 83-10137, Decision filed March 15, 1985, *affirmed*, Civil Action No. 85-97-ALB-AMER, Decision filed July 19, 1985).

Therefore, for the reasons stated, it is the conclusion of this court that Farmers Home Administration is entitled to 56% of the rental proceeds in escrow plus any accrued interest.